IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CCIC I, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE ESTATE OF CHARLIE LA COSTA-SAMPEDRO, et al., <br><br> Defendants. | CIVIL NO. 20-1119 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

The present case arises out of two commercial loans undertaken by Charlie La Costa-Sampedro ("Mr. La Costa-Sampedro") and his spouse Elba Iris Gotay-Guzmán (Mrs. Gotay-Guzmán") which were secured by several promissory and mortgage notes. After the loans were in default, ACM FV VII (Cayman) Asset Company filed the initial complaint for collection of monies and foreclosure of mortgage, and was later substituted by Plaintiff CCIC I, LLC  ("Plaintiff").  (Docket Nos. 1, 77).  Mr. La Costa-Sampedro passed away in May 2019, and Defendants are the members of his estate: Charlie La Costa-Márquez, Ricardo José La Costa-Martínez, Carlos Enrique La Costa-Martínez, Marco Antonio La Costa-Martínez, Katherine Mariet La Costa-Gotay, and Mrs. Gotay-Guzmán ("Defendants").

Before the Court now is Plaintiff's Motion for Summary Judgment (Docket No. 132), Defendants' Opposition thereto (Docket No. 151), Plaintiff's Reply to Defendants' opposition (Docket No. 156) and Defendant's Sur-Reply (Docket No. 161).   Plaintiff alleges in its motion that it is the holder in due course of the promissory and mortgages

notes that guaranteed the two loans object of this case, that Defendants defaulted on the terms and conditions of the loans and that there is no genuine controversy of fact as to these issues. As such, it requests summary judgment be granted in its favor. (Docket No. 132).

Defendants disagree with the amount due alleged by Plaintiff, and proffer instead that the sum is unknown and summary judgment must therefore be denied. (Docket No. 151). They further deny that Plaintiff is the holder of the notes in question. (Docket No. 161).

Upon Plaintiffs' application for summary judgment, and under the circumstances and facts surrounding this case, as well as the applicable statutes and case law, the Court finds that there are no genuine material facts in controversy to prevent the entry of judgment in Plaintiff's favor.

## STANDARD

Rule 56 of the Federal Rules of Civil Procedure sets forth the standard in order for the Court to enter summary judgment. Said rule provides that "the judgment sought shall be rendered forthwith if the pleadings, answer to interrogatories, and admissions together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; see also Lipsett v. Univ. of Puerto Rico, 864 F.2d. 881, 894 (1st Cir. 1998).

The movant must clearly establish the absence of any material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317; 106 S.Ct.

Case 3:20-cv-01119-CVR   Document 166   Filed 10/30/23   Page 3 of 12

CCIC I, LLC. v. The Estate of Charlie La Costa-Sampedro, et al.
Civil No. 20-1119 (CVR)
Opinion and Order
Page 3
_____

2548 (1986); Kauffman v. Puerto Rico Tel. Co., 849 F.2d 1169 (1st Cir. 1988). The existence of some alleged factual dispute will not defeat summary judgment. In order to defeat the motion, the facts in dispute must be material. See Kenny v. Josephthal & Co., Inc., 814 F.2d. 798, 804 (1st Cir. 1987).

If the moving party has effectively carried its burden, any party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. In this context, "genuine" means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party and "material" refers to a fact that might affect the outcome of the suit. United States v. One Parcel of Real Property, 960 F.2d 200, 204 (1st. Cir. 1992).

The non-movant must support allegations made in the pleadings with particular facts and arguments. See Coll v. PB Diagnostic Sys., Inc., 50 F.3d 1115 (1st Cir. 1995); Local No. 48 United Bhd. of Carpenters and Joiners of Am. v. United Bhd. of Carpenters and Joiners of Am., 920 F.2d 1047 (1st Cir. 1990); and Griggs-Ryan v. Smith, 904 F.2d 112 (1st Cir. 1990). At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

**UNCONTESTED FACTS**

Based on the facts and documents submitted by Plaintiff, which are not in dispute, the Court makes the following findings of fact:

Case 3:20-cv-01119-CVR   Document 166   Filed 10/30/23   Page 4 of 12

CCIC I, LLC. v. The Estate of Charlie La Costa-Sampedro, et al.
Civil No. 20-1119 (CVR)
Opinion and Order
Page 4
_____

1. Mr. La Costa-Sampedro and Mrs. Gotay-Guzmán subscribed two commercial loan agreements with First Bank and delivered two promissory notes as evidence of the indebtedness. One of these loans was guaranteed, among others, with four mortgage notes encumbering two real estate properties. The other loan was guaranteed with a pledge and assignment of rents. (Docket Nos. 133-5 to 133-15).

2. The loans were guaranteed with mortgages over the following properties:

    URBAN: Plot of land in the Hato Tejas Ward of the municipality of Bayamón, Puerto Rico, with a surface area of ten thousand two hundred ninety-eight square meters point sixty-two square centimeters (10,298.62), bordering to the NORTH, with John Doe; to the SOUTH, with plot two (2) of the Registration Plan; to the EAST, with Antonio Guardarrama; and to the WEST, with State Highway number one hundred sixty-eight (168). It is stated in the 16th registration that it includes a concrete house with two floors for a dwelling.

    (Docket No. 133-16; Docket No. 145-5)

    RURAL: HATO TEJAS WARD of South Bayamón. Lot: #2. Capacity: 5,299.6358 Meters Square. Borders: North, with the main property from which the property of Dolores Del Rosario Sampedro Perez aka Sara Sampedro Pérez is segregated, in two alignments, one of fifty-two meters with eighty centimeters and another of seventy-seven meters with twenty-four centimeters. South, in an alignment of one hundred and twenty meters with nine centimeters with the Sierra Bayamón Urbanization and another alignment of thirty-seven meters and ninety-seven centimeters, with the lot marked with number three of the registration plan. East, thirty-five meters with sixty centimeters with Antonio Guardarrama. West, in three alignments one of thirty-seven meters with sixty-six centimeters with the lot marked with number three of the registration plan, another nineteen meters with twenty-four centimeters and another of five meters with seventy-six centimeters with State Highway number 168.

    (Docket No. 133-17; Docket No. 145-2).

Case 3:20-cv-01119-CVR   Document 166   Filed 10/30/23   Page 5 of 12

CCIC I, LLC. v. The Estate of Charlie La Costa-Sampedro, et al.
Civil No. 20-1119 (CVR)
Opinion and Order
Page 5
_____

3. Mr. La Costa-Sampedro passed away on May 26, 2019.  (Docket No. 121, ¶4; Docket No. 143, ¶4).

4. Prior to his death, Mr. La Costa-Sampedro and Mrs. Gotay-Guzmán defaulted on their obligations by failing to make the payments under the loans as agreed upon in the loan documents. (Docket No. 133-2, ¶¶ 9, 20).

5. Defendants Charlie La Costa-Márquez, Ricardo José La Costa-Martínez, Carlos Enrique La Costa-Martínez, Marco Antonio La Costa-Martínez, Katherine Mariet La Costa-Gotay, and Mrs. Gotay-Guzmán comprise the estate of Mr. La Costa-Sampedro. (Docket Nos. 133-3 and 133-4).

6. Plaintiff CCIC I, LLC, is limited liability company, organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 112 Worcester Street, Suite 201, Wellesley Hills, MA 02481-3624. (Docket Nos. 133-1, and 133-2, p. 1, ¶ 2).

7. On November 30, 2021, Plaintiff became the holder in due course of the promissory and mortgage notes object of the present case. (Docket Nos. 133-2, 133-6, 133-10, 133-14, 133-28).

8. As of June 29, 2013, Defendants owed $1,968,729.69 under loan number 4421200-12002.  A total of $599,428.16, in principal and interest, has been applied to this loans from payments made in 2019 and rents collected from the tenants.   (Docket Nos. 133-26, 133-36 and 133-37).

9. As of June 29, 2023, Defendants owed $1,187,777.74 under loan number 4421200-

Case 3:20-cv-01119-CVR   Document 166   Filed 10/30/23   Page 6 of 12

CCIC I, LLC. v. The Estate of Charlie La Costa-Sampedro, et al.
Civil No. 20-1119 (CVR)
Opinion and Order
Page  6
_____

1201.   A total of $14,844.53, in principal and interest, has been applied to this loan 4421200 12001 from payments made in 2019. (Docket Nos. 133-32, 133-38 and 133-39).

## LEGAL ANALYSIS

It is well settled under Puerto Rico law that the agreements reached between the parties in a contract are binding and must be fulfilled as agreed upon.   P.R. Laws Ann. tit. 31, § 2994 (1930)[1].   A contract exists from the moment one or various persons consent to obligate themselves to another, to give something or to provide a service.   P.R. Laws Ann. tit. 31, § 3371 (1930).   On the other hand, Puerto Rico law favors freedom to contract ("libertad de contratación").   P.R. Laws Ann. tit. 31, § 3372 (1930).   This concept implies that the agreements parties can enter into are virtually limitless and constitute the ultimate will of the parties.   <u>Arthur Young & Co. v. Vega</u>, 136 D.P.R. 157, 169-170 (1994). The will between the parties, however, is not completely unlimited, as "[t]he contracting parties may make the agreement and establish the clauses and conditions that they deem advisable, provided they are not in contravention of law, morals or public order". P.R. Laws Ann. tit. 31, § 3372 (1930).

On a similar vein, it is well-established that "[a] person receiving money or any other perishable thing on loan acquires its ownership, and is bound to return to the creditor an equal amount of the same kind and quality." P.R. Laws Ann. tit. 31, § 4571

---

[1] The Puerto Rico Civil Code was amended in November 2020.  The actions in the present case occurred when the previous Code was still in effect. Therefore, the Court analyzes the issues in this case under the provisions of the old Code.   <u>See</u> P.R. Laws Ann. tit. 31, §11720 (2020).

Case 3:20-cv-01119-CVR   Document 166   Filed 10/30/23   Page 7 of 12

CCIC I, LLC. v. The Estate of Charlie La Costa-Sampedro, et al.
Civil No. 20-1119 (CVR)
Opinion and Order
Page 7
_____

(1930); Espino v. Frías, 7 D.P.R. 555 (1904). Moreover, "[o]bligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." P.R. Laws Ann. tit. 31, § 2994 (1930). Therefore, courts may not relieve a party of its obligations to do whatever they agreed to do in accordance with the terms of a contract. See Cervecería Corona v. Commonwealth Ins. Co., 115 D.P.R. 345 (1984); Hennes v. Sun Life Assurance Co. of Canada, 291 F. Supp. 670 (D.P.R. 1968); Matricardi v. Peñagarícano, 94 D.P.R. 1 (1967); Clausells v. Salas, 51 P.R.R. 87 (1937).

Regarding mortgages, Puerto Rico's Civil Code holds that that "[a] mortgage directly and immediately subjects the property on which it is imposed, whoever its possessor may be, to the fulfillment of the obligation for the security of which it was created." P.R. Laws Ann. tit. 31, § 5043 (1930); see also Cristy v. Banco Territorial y Agrícola, 11 P.R.R. 525 (1906); Vicenty v. Vázquez, 11 P.R.R. 275 (1906). The real right of a mortgage, once constituted, grants the title holder or possessor the power to demand the fulfillment of the obligation that it guarantees. Vázquez Santiago v. Registrador, 137 D.P.R. 384 (1994).

In Plaintiff's motion seeking summary disposition of this case, it has established that Mr. La Costa-Sampedro and his wife subscribed two loans with FirstBank, which they later defaulted upon. Those loans were ultimately acquired by Plaintiff, who also established that it is at present the owner and holder of the notes. Defendants are the heirs of the estate of Mr. La Costa-Sampedro and are therefore responsible, pursuant to

Case 3:20-cv-01119-CVR   Document 166   Filed 10/30/23   Page 8 of 12

CCIC I, LLC. v. The Estate of Charlie La Costa-Sampedro, et al.
Civil No. 20-1119 (CVR)
Opinion and Order
Page 8
_____

Puerto Rico law, for the valid contract made by him and Mrs. Gotay-Guzmán.

Defendants' arguments in opposition are two-fold. First, they argue that Plaintiff is not the holder of the notes in question. Second, they aver that there are issues of material fact as to the amounts owed, and summary judgment must therefore be denied. The Court cannot agree.

As an initial matter, Defendants failed to present in their opposition any evidence to contradict the fact that Plaintiff is the holder of the notes. On the contrary, Defendants filed documents with the Court which showed the tenants had received letters indicating that rent payments were to be made to Plaintiff, thus buttressing Plaintiff's position that it is the holder of the notes. (Docket No. 151-1). Additionally, during the course of this litigation, Plaintiff offered Defendants the opportunity to personally examine the notes, to comply with their obligations and resolve the controversy, and Defendants chose not to avail themselves of this opportunity. Defendants cannot come now, in a clear attempt to defeat summary judgment, and argue that Plaintiff is not the holder of the notes when they had every opportunity to easily verify this fact during discovery.

The promissory and mortgage notes in question were endorsed without representations, warranties, or recourse to Plaintiff CCIC I, LLC, and clearly demonstrate that Plaintiff is the holder of the notes. Defendants have presented no evidence to contradict this fact. See Fragoso v. López, 991 F.2d 878, 887 (1st Cir. 1993) (Defendants must "produce evidence which would be admissible at trial to make out the requisite issue

of material fact") (*quoting* Kelly v. United States, 924 F.2d 355, 357 (1st Cir. 1991). Defendants ultimately failed to refute that Plaintiff was the holder of the notes.

As for the controversy over the amounts owed, while Defendants proffer that the amount owed is unknown,[2] Defendants also had ample time to meet with Plaintiff and discuss the balances, examine the relevant documents and demonstrate what payments had been made, but this did not occur.  Defendants also had the opportunity to submit evidence on the record as to what amount they believe is actually owed by demonstrating the amounts they paid, but to this day, no such evidence has been presented with the Court.  Instead, Defendants' defense is that they are unable to specify the outstanding amount owed because there is "unavailable information" which is under Plaintiff's control.  (Docket No. 161, p. 3).  That is insufficient because at this juncture, it is Defendants' burden to show the Court that issues of fact exist that prevent summary disposition of this case.  See Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) ("a party opposing summary judgment must 'present definite, competent evidence to rebut the motion'").  This is precisely the reason why discovery is afforded to the parties and what Defendants were required to ascertain during that process.  Therefore, this argument, without more, is not enough to create an issue of fact and defeat summary judgment.

As a last-ditch measure, Defendants attempt to oppose summary judgment by denying facts supported by a statement under penalty of perjury offered by Ms. Ileana

---

[2] Docket No. 161, p. 6.

Case 3:20-cv-01119-CVR   Document 166   Filed 10/30/23   Page 10 of 12

CCIC I, LLC. v. The Estate of Charlie La Costa-Sampedro, et al.
Civil No. 20-1119 (CVR)
Opinion and Order
Page 10
_____

Morales-Gratacós ("Mrs. Morales-Gratacós"), Vice President of Capital Crossing, Plaintiff's service agent, indicating it is hearsay and cannot therefore be used at the summary judgment stage. (See, *e.g.*, Docket No 151, p. 13, ¶¶ 23, 24). Mrs. Morales-Gratacós included her statement in support of Plaintiff's Motion for Summary Judgment as a person with knowledge of the loans in question and attesting to the veracity of the facts and documents presented therein. This statement is a common practice in these types of cases, and Defendants offer no explanation as to why the statement would be inadmissible. Clearly, the testimony of a Vice President of the servicer for Defendants' loan relating to events that she indicates she has personal knowledge of is unmistakably admissible. Additionally, there is no other way Plaintiff can prove its case without such a document, which is clearly allowed under Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 56 (c)(1)(A) (allowing for, among other things, declarations to be used in supporting a party's claims and defenses).

In sum, Defendants have failed to controvert any material fact in this case, and Plaintiff is therefore entitled to foreclosure of the collateral and to the entry of judgment against Defendants. See, *e.g.,* Fed. R. Civ. P. 56. Consequently, the Court GRANTS Plaintiff's Motion for Summary Judgment, and finds that Defendants are liable for the following amounts:

1) $1,425,358.38 in principal; accrued interest in the amount of $3,868.92; legal expenses in the amount of $497,480.00; insurance in the

Case 3:20-cv-01119-CVR  Document 166  Filed 10/30/23  Page 11 of 12

CCIC I, LLC. v. The Estate of Charlie La Costa-Sampedro, et al.
Civil No. 20-1119 (CVR)
Opinion and Order
Page 11
_____

amount of $41,422.39; and valuation expenses in the amount of $600.00; for a total of $1,968,729.69 for loan number 4221200-12002; and

2) $1,030,846.04 in principal; accrued interest in the amount of $147,224.86; and accrued late charges in the amount of $9,706.84, for a total of $1,187,777.74 for loan number 4221200-12001.

As of June 30, 2023, the total amount for both loans adds up to a total of $3,156,507.43.

In addition to these charges, Defendants are also liable to Plaintiff for accrued daily interest in the amount of $128.68 for loan number 4421200-12002 and $93.06 for loan number 4421200-12001.  This interest continues to accrue daily, and the last computation of the amounts owed submitted by Plaintiff was dated June 29, 2023, the day before the summary judgment motion was filed.  (Docket Nos 133-26 and 133-32). As such, Plaintiff shall submit to the Court an updated computation of the total amounts owed with interest, on or before November 10, 2023, for the Court to be in a position to enter final judgment.

## CONCLUSION

For the aforementioned reasons, the Court GRANTS Plaintiff's Motion for Summary Judgment (Docket No. 132).  Plaintiff is hereby awarded as follows:

1. For loan number 4221200-12002:

    a. $1,425,358.38 in principal;

    b. $3,868.92 in accrued interest;

CCIC I, LLC. v. The Estate of Charlie La Costa-Sampedro, et al.
Civil No. 20-1119 (CVR)
Opinion and Order
Page 12
_____

      c.  $497,480.00 in legal expenses;

      d.   $41,422.39 in insurance;

      e.  $600.00 in valuation expenses;

      For a total of **$1,968,729.69.**

2.  For loan number 4221200-12001:

      a.  $1,030,846.04 in principal;

      b.  $147,224.86 in accrued interest;

      c.  $9,706.84 in late charges;

      **For a total of $1,187,777.74.**

3.  In total, the Court awards Plaintiff **$3,156,507.43.**

Judgment shall be entered accordingly after Plaintiff submits the updated computation, as ordered above.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 30th day of October 2023.

                                    S/CAMILLE L. VELEZ-RIVE
                                    CAMILLE L. VELEZ RIVE
                                    UNITED STATES DISTRICT JUDGE